LILIAN FENG, IN PRO PER
2142 22nd Ave, Front Unit
San Francisco, CA 94116
Tel: (415) 888-5198 | Email: karendchao@gmail.com

FILED
FEB 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>LILIAN FENG,<br>    Debtor. | Case No. 25-30905-HLB<br>Chapter 7<br><br>**DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(a)**<br><br>[ADA Accommodation: Paper Hearing Requested — 42 U.S.C. § 12132; Fed. R. Bankr. P. 9004] |

## I. INTRODUCTION

1. **Debtor Lilian Feng** ("Debtor"), 19 years old, In Pro Per, respectfully moves this Court pursuant to **11 U.S.C. § 707(a)** for an Order dismissing her Chapter 7 bankruptcy case, for cause, as set forth below.

2. Debtor further requests, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12132, and 28 C.F.R. § 35.160, that this Motion be decided on the papers without oral argument as an ADA accommodation for Debtor's disability.

Page **1** of **5**

## II. FACTUAL BACKGROUND

3. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 4, 2025.

4. The case was assigned to the Honorable Judge Hannah L. Blumenstiel. Paul Mansdorf was appointed as Chapter 7 Trustee.

5. Debtor's sole source of income consists of California In-Home Supportive Services ("IHSS") benefits in the amount of $1,575.00 per month (gross), which are Social Security-derived benefits protected under 42 U.S.C. § 407 and Cal. Welf. & Inst. Code § 12965.

6. This is a no-asset case. Debtor possesses no non-exempt assets.

7. On November 6, 2025 — two days after the bankruptcy filing — **Wells Fargo Bank, N.A. unilaterally seized $17,554.86** in IHSS benefits from Debtor's deposit account in violation of the automatic stay under 11 U.S.C. § 362(a). This claim is addressed separately and survives dismissal.

8. Since the filing of this case, the administration has caused Debtor significant hardship, including: (a) the Trustee's filing of adversarial motions for 2004 examination (ECF 61); (b) motions to extend time under § 707(b)(3) and § 727 (ECF 62); and (c) undue burden on a disabled debtor whose sole income is federally protected.

## III. LEGAL BASIS FOR DISMISSAL

9. Under 11 U.S.C. § 707(a), the court may dismiss a case for cause. A debtor's voluntary request constitutes "cause" when no creditor will be prejudiced. In re Moffett, 288 B.R. 721 (Bankr. E.D. Va. 2002).

Page 2 of 5

10. This is a no-asset, no-distribution case. No creditor has filed a proof of claim. No creditor will be prejudiced.

11. Debtor's sole income — IHSS benefits — is 100% exempt under 42 U.S.C. § 407 and Cal. Welf. & Inst. Code § 12965, and does not constitute property of the estate under 11 U.S.C. § 541(c)(2).

12. Continued prosecution serves no purpose. There are no assets to administer, no distributions to make, and no creditors to pay.

13. Debtor seeks dismissal voluntarily and without prejudice. Upon dismissal: (a) the automatic stay terminates; (b) all property revests in Debtor under 11 U.S.C. § 349(b); and (c) all pending motions are rendered moot.

### IV. PRESERVATION OF § 362(k) CLAIMS

14. Debtor expressly reserves all rights under **11 U.S.C. § 362(k)** against Wells Fargo Bank, N.A. for willful violation of the automatic stay on November 6, 2025.

15. The § 362(k) cause of action is personal to the Debtor and survives dismissal. Houck v. Substitute Trustee Services, Inc., 791 F.3d 473 (4th Cir. 2015); In re Justice Cometh, Ltd., 426 F.3d 1343 (11th Cir. 2005).

16. Debtor intends to pursue these claims in a separate action following dismissal.

17. Debtor also reserves all state law claims including conversion (Cal. Civ. Code § 3294), unfair business practices (Cal. Bus. & Prof. Code § 17200), and FDCPA violations (15 U.S.C. § 1692 et seq.).

### V. NO PREJUDICE TO CREDITORS

Page 3 of 5

18. No creditor has filed a proof of claim.
19. No creditor has objected to exemptions.
20. No distribution has been made or proposed.
21. No party in interest will be prejudiced by dismissal.

## VI. ADA ACCOMMODATION REQUEST

22. Debtor is a 19-year-old individual with a qualifying disability under the ADA, 42 U.S.C. § 12101 et seq.

23. Debtor requests this Motion be ruled on the papers, without oral hearing, as an ADA accommodation under 42 U.S.C. § 12132 and 28 C.F.R. § 35.160.

24. Alternatively, if a hearing is necessary, Debtor requests remote appearance (Zoom/telephonic).

## VII. PRAYER FOR RELIEF

**WHEREFORE, Debtor respectfully requests this Court:**

1. DISMISS this Chapter 7 case without prejudice pursuant to 11 U.S.C. § 707(a);
2. DECLARE all property revests in Debtor under 11 U.S.C. § 349(b);
3. ORDER all pending motions (ECF 61, ECF 62) MOOT and TERMINATED;
4. DECLARE Debtor's § 362(k) claims against Wells Fargo survive dismissal;
5. GRANT ADA accommodation for paper hearing;
6. Grant such other relief as the Court deems just.

Dated: February 13, 2026

Respectfully submitted,

Page 4 of 5

_[signature]_

LILIAN FENG

Debtor, In Pro Per

2142 22nd Ave, Front Unit

San Francisco, CA 94116

Tel: (415) 888-5198

Page **5** of **5**