LILIAN FENG, PRO PER
2142 22nd Ave, Front Unit
San Francisco, CA 94116
Tel: (415) 888-5198 (Texts)
Email: karendchao@gmail.com

FILED
FEB 13 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

LILIAN FENG,
    Debtor.

Case No. 25-30905-HLB
Chapter 7

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEBTOR'S MOTION TO DISMISS
CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(a)

**I. INTRODUCTION**

Debtor Lilian Feng ("Debtor") respectfully submits this Memorandum of Points and Authorities in support of her Motion to Dismiss her Chapter 7 bankruptcy case, No. 25-30905-HLB, pursuant to 11 U.S.C. § 707(a). Debtor seeks voluntary dismissal because this case has caused catastrophic harm to Debtor rather than providing the relief bankruptcy is designed to afford. The continuation of this case serves no legitimate purpose and inflicts ongoing, irreparable injury upon a disabled, low-income debtor whose sole income consists of federally protected IHSS benefits.

Debtor exercises her right to self-representation under 28 U.S.C. § 1654 and requests that this Court decide the Motion on written submissions pursuant to Fed. R. Bankr. P. 9014(d), as a reasonable accommodation under 42 U.S.C. § 12132 (ADA Title II) due to Debtor's documented disability.

## II. STATEMENT OF FACTS

Debtor filed her Chapter 7 petition on November 4, 2025. At the time of filing, Debtor's sole source of income was California In-Home Supportive Services ("IHSS") benefits in the amount of $1,575.00 per month, deposited by the California State Controller via ACH transfer to her Wells Fargo Bank, N.A. deposit account.

Two days after filing, on November 6, 2025, Wells Fargo unilaterally froze Debtor's bank account and seized $17,554.86 in IHSS benefits, falsely claiming the funds had "became property of the bankruptcy estate." This seizure was unlawful under 42 U.S.C. § 407 and Cal. Welf. & Inst. Code § 12965, as IHSS benefits are absolutely protected from execution, levy, attachment, or garnishment.

Chapter 7 Trustee Paul J. Mansdorf explicitly disavowed all involvement in the seizure on November 14, 2025, confirming Wells Fargo acted unilaterally and without authorization.

Since filing, Debtor has been subjected to aggressive litigation by the U.S. Trustee, including a Rule 2004 examination, threats of § 707(b)(3) and § 727 actions, and other proceedings imposing extraordinary burden on an unrepresented, disabled debtor whose sole income remains frozen.

## III. LEGAL STANDARD

### A. 11 U.S.C. § 707(a) — Dismissal for Cause

Section 707(a) provides that the court may dismiss a Chapter 7 case "for cause." The enumerated grounds are non-exclusive. Courts have consistently held that a debtor's voluntary request for dismissal constitutes "cause" under § 707(a). In re Turpen, 244 B.R. 431, 434 (8th Cir. BAP 2000); In re Williams, 435 B.R. 552, 555 (Bankr. N.D. Ill. 2010).

### B. Ninth Circuit Standard — Totality of Circumstances

In the Ninth Circuit, courts evaluate a motion to dismiss under § 707(a) by examining the totality of the circumstances: (1) whether creditors will be prejudiced; (2) whether the debtor will gain an unfair advantage; (3) whether the debtor acted in good faith; and (4) whether the interests of judicial economy support dismissal. In re Kaur, 510 B.R. 187, 191 (Bankr. E.D. Cal. 2014).

## C. Pro Se Pleadings — Liberal Construction Required

This Court is required to construe Debtor's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Pro se documents are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). This standard applies with equal force in bankruptcy proceedings. The Court may not impose on a pro se litigant the duty to "hunt down" procedural requirements that an attorney would know. Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

## IV. ARGUMENT

### A. No Creditor Will Be Prejudiced by Dismissal

Debtor's sole income is IHSS benefits — 100% Social Security-derived government benefits absolutely exempt from the bankruptcy estate under 11 U.S.C. § 541(c)(2), 42 U.S.C. § 407, and Cal. Welf. & Inst. Code § 12965. There are no non-exempt assets. This is a no-asset case. No creditor stands to receive any distribution whether the case continues or is dismissed.

### B. Debtor Will Not Gain an Unfair Advantage

Debtor is a disabled, low-income individual whose sole income has been illegally seized. Debtor gains no advantage from dismissal — she seeks only to extricate herself from a process that has caused devastating harm, including the loss of her entire bank account, threat of homelessness, and extraordinary litigation burden imposed by the U.S. Trustee.

### C. Debtor Filed and Seeks Dismissal in Good Faith

Debtor filed in good faith seeking protection from an impending unlawful eviction. Debtor now seeks dismissal in good faith because the filing triggered Wells Fargo's unlawful seizure and the U.S. Trustee has pursued aggressive proceedings imposing disproportionate hardship on a pro se disabled debtor.

### D. Continuation Causes Active, Ongoing Harm to Debtor

The continuation of this case directly causes catastrophic harm:

(1) Wells Fargo seized $17,554.86 in protected IHSS funds solely because of the bankruptcy filing;

(2) Debtor faces imminent homelessness because her only income has been frozen;

(3) The U.S. Trustee's proceedings impose extraordinary burden on a disabled, unrepresented debtor;

(4) Debtor cannot afford counsel and cannot defend multiple simultaneous proceedings;

(5) Every day the case remains open, the harm compounds.

When bankruptcy causes more harm than it cures, dismissal is compelled by fundamental fairness and the Bankruptcy Code's core purpose of providing a fresh start.

### E. No Estate Assets Exist to Administer

All funds are 100% IHSS benefits excluded from the estate under 11 U.S.C. § 541(c)(2). The Trustee has no assets to administer and no distribution is possible.

### F. Judicial Economy Favors Dismissal

Dismissal eliminates pending and threatened motions, avoids contested § 707(b)(3), § 727, and Rule 2004 proceedings — none of which can yield recovery in a no-asset case with exclusively exempt income.

### G. Equal Treatment of Pro Se Litigant Required

Under the Equal Access to Justice Act, 28 U.S.C. § 2412, and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, Debtor is entitled to the same substantive treatment as a represented party. The Court may not hold Debtor's pro se status against her or impose heightened procedural barriers. Debtor has no duty to independently research and satisfy technical procedural requirements that would be second nature to a licensed attorney. Jacobsen v. Filler, 790 F.2d 1362 (9th Cir. 1986). Debtor requests equal treatment — nothing less.

### H. ADA Accommodation — Decision on Written Submissions

Debtor has a documented disability. Pursuant to 42 U.S.C. § 12132 (ADA Title II) and 28 C.F.R. § 35.130(b)(7), the Court is required to provide reasonable accommodation to qualified

Page 4 of 5

individuals with disabilities. Debtor respectfully requests that this Motion be decided on written submissions without oral hearing, as permitted by Fed. R. Bankr. P. 9014(d), which authorizes the Court to determine contested matters on the pleadings. This accommodation is reasonable, feasible, and does not alter the fundamental nature of the proceeding.

## V. CONCLUSION

Every factor in the totality-of-circumstances analysis favors dismissal: no creditor prejudice, no unfair advantage, good faith, active ongoing harm, no administrable assets, judicial economy, and the constitutional and statutory rights of a pro se disabled litigant. Debtor respectfully requests that this Court grant her Motion to Dismiss pursuant to 11 U.S.C. § 707(a).

Dated: February 13, 2026

Respectfully submitted,

/s/ Lilian Feng

**LILIAN FENG, Debtor, In Pro Per**
28 U.S.C. § 1654 | U.S. Const. Amend. V, XIV
42 U.S.C. § 12132 (ADA Title II)
Haines v. Kerner, 404 U.S. 519 (1972)
Erickson v. Pardus, 551 U.S. 89 (2007)
2142 22nd Ave, Front Unit
San Francisco, CA 94116
Tel: (415) 888-5198 (Texts)
Email: karendchao@gmail.com