LILIAN FENG, Pro Per
2142 22nd Ave, Front Unit
San Francisco, CA 94116
Tel: (415) 888-5198 (Texts)
Email: karendchao@gmail.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

LILIAN FENG,
    Debtor.

Case No. 25-30905

Chapter 7

**DEBTOR'S NOTICE OF CONVERSION FROM CHAPTER 7 TO CHAPTER 13 PURSUANT TO 11 U.S.C. § 706(a) AND FED. R. BANKR. P. 1017(f)(3)**

TO THE COURT, THE CHAPTER 7 TRUSTEE, THE U.S. TRUSTEE, AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that Debtor Lilian Feng ("Debtor"), pursuant to 11 U.S.C. § 706(a) and Federal Rule of Bankruptcy Procedure 1017(f)(3), hereby converts the above-captioned case from a case under Chapter 7 to a case under Chapter 13 of the Bankruptcy Code, effective immediately upon filing of this Notice.

**I. STATUTORY BASIS**

Section 706(a) of the Bankruptcy Code provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a).

Page 1 of 3

Federal Rule of Bankruptcy Procedure 1017(f)(3) provides that a Chapter 7 case shall be converted to a Chapter 13 case upon the filing of a notice of conversion by the debtor.

This right is absolute and non-discretionary. No motion is required. No hearing is required. No court approval is required. The conversion is self-executing upon filing. Marrama v. Citizens Bank, 549 U.S. 365, 372 (2007) (acknowledging the debtor's broad conversion right under § 706(a)).

## II. ELIGIBILITY

This case has never been converted under 11 U.S.C. §§ 1112, 1208, or 1307. Debtor therefore satisfies the sole statutory prerequisite for conversion under § 706(a).

## III. EFFECT ON PENDING CHAPTER 7 PROCEEDINGS

Upon conversion, all pending Chapter 7 proceedings are terminated or rendered moot, including but not limited to:

   (a) The U.S. Trustee's Application for Examination of Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004 (ECF 61) and the Court's Order Granting Same (ECF 73, entered February 11, 2026) — including the document production deadline of February 22, 2026 and the examination scheduled for February 24, 2026 at 2:00 PM;

   (b) The U.S. Trustee's Motion to Extend Time Under 11 U.S.C. §§ 707(b)(3) and 727 (ECF 62) and Notice of Hearing thereon (ECF 63) — as §§ 707(b)(3) and 727 apply exclusively to Chapter 7 cases and have no application in Chapter 13;

   (c) All other pending motions, applications, and contested matters arising under Chapter 7.

The Chapter 7 Trustee's duties and responsibilities terminate upon conversion. 11 U.S.C. § 348(e).

## IV. DEBTOR'S CONCURRENT MOTION TO DISMISS

Debtor has concurrently filed a Motion to Dismiss and supporting papers. Debtor respectfully requests that the Court treat the Motion to Dismiss, Memorandum of Points and Authorities,

Page 2 of 3

Declaration, Supplemental Brief, and Exhibits filed herewith as support for dismissal of the converted Chapter 13 case pursuant to 11 U.S.C. § 1307(a), to the extent the Court determines the § 707(a) motion is rendered moot by this conversion.

Debtor seeks dismissal of the converted case under § 1307(a) for the same grounds set forth in the concurrently filed papers: this is a no-asset case with exclusively exempt IHSS income, no creditor will be prejudiced, and continuation serves no purpose under the Bankruptcy Code.

## V. ADA ACCOMMODATION REQUEST

Debtor is a 19-year-old disabled individual. Debtor's ADA accommodation request (42 U.S.C. § 12132; 28 C.F.R. § 35.160) remains on the record. Debtor requests all matters be decided on written submissions without oral hearing, as permitted by Fed. R. Bankr. P. 9014(d).

## VI. RESERVATION OF RIGHTS

Debtor expressly reserves all rights under 11 U.S.C. § 362(k) against Wells Fargo Bank, N.A. for willful violation of the automatic stay. This claim is personal to Debtor and survives conversion and/or dismissal.

Dated: February 13, 2026

Respectfully submitted,

/s/ Lilian Feng
_____

**LILIAN FENG, Debtor, In Pro Per**
28 U.S.C. § 1654 | U.S. Const. Amend. V, XIV
42 U.S.C. § 12132 (ADA Title II)
Haines v. Kerner, 404 U.S. 519 (1972)
Erickson v. Pardus, 551 U.S. 89 (2007)
2142 22nd Ave, Front Unit
San Francisco, CA 94116
Tel: (415) 888-5198 (Texts)
Email: karendchao@gmail.com

Page 3 of 3