PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN, MN SBN 310931
ASSISTANT UNITED STATES TRUSTEE
PHILLIP J. SHINE, CA SBN 318840
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
450 Golden Gate Ave., Rm. 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Telecopier: (415) 705-3379
Email: *Phillip.shine@usdoj.gov*

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>LILIAN FENG,<br><br>Debtor. | Case No. 25-30905 DM<br><br>Chapter 7 |

**UNITED STATES TRUSTEE'S OMNIBUS OPPOSITION AND**
**EX PARTE REQUEST FOR ORDER CLARIFYING 2004 EXAMINATION**

Peter C. Anderson, the United States Trustee for Region 17 ("**U.S. Trustee**"), by and through undersigned counsel, hereby files this *Omnibus Opposition* (the "**Opposition**") to the *Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(a)* ("**Motion to Dismiss**") (Dkt. No. 77) and the *Notice of Conversion from Chapter 7 to Chapter 13 Pursuant to 11 U.S.C. § 706(a) and Fed. R. Bankr. P. 1017(f)(3)* ("**Motion to Convert**") (Dkt. No. 82) (collectively, the "**Motions**") filed by the debtor Lilian Feng ("**Debtor**"), requests that the Motions be denied or set for a hearing, and further requests that the Court enter an order clarifying Debtor's continuing obligation to attend her 2004 examination and produce documents.

//

## I. INTRODUCTION

1. The Motions were filed to frustrate the U.S. Trustee's investigation into Debtor's fraudulent acts and demonstrate bad faith abuse of process. The Court should deny the Motions or alternatively set a hearing for consideration whether dismissal or conversion is appropriate in this case (or required, as Debtor insists).

2. Because Debtor brought the Motions to avoid her upcoming 2004 examination the Court should also clarify Debtor's continuing obligation to attend that examination and produce documents.

## II. BACKGROUND

3. Debtor's Schedules and Statements filed in this case appear inaccurate and incomplete. *See* Omnibus Decl. of Ianthe del Rosario, Dkt. No. 65. The U.S. Trustee has been investigating this case to confirm information Debtor provided under oath in her Schedules, Statements, Section 341 Meeting of Creditors testimony, and other documents filed in federal and state court. *Id*. The U.S. Trustee is also investigating the case filed by Karen DC Hao aka Karen DC Feng ("**Ms. Hao**"), who Debtor alleges is her aunt.[1] *Id*.

4. Ms. Hao and Debtor informed the U.S. Trustee on January 8, 2026, that they would not attend an examination or answer questions or otherwise comply. *Id*.

5. On February 9, 2026, the U.S. Trustee filed the: (i) *Application for Examination of Debtor Lilian Feng and Production of Documents Pursuant to Federal Rule of Bankruptcy*

[1] The U.S. Trustee requests that the Court take judicial notice of the documents filed in this case and *In re Karen DC Hao*, Case No. 25-30905 DM (Bankr. N.D. Cal.) pursuant to Federal Rule of Evidence 201 and Federal Rule of Bankruptcy Procedure 9017.

*Procedure 2004* ("**2004 Motion**"), and (ii) *Motion to Extend Time to File Motion or Complaint Under 11 U.S.C. §§ 707(b)(3) and 727 to June 9, 2026* ("**Motion to Extend**"). Dkt. Nos. 61, 62.

6. Later that day Debtor filed her *Motion for Recusal of Judge Dennis Montali* ("**Motion for Recusal**"). Dkt. No. 59. Among other things, Debtor alleges that Judge Montali Debtor demonstrated "hostile conduct" by encouraging the U.S. Trustee's investigation. *Id.* at 7. The Motion for Recusal requests a stay of the 2004 Motion and Motion to Extend. *Id.* at 11.

7. The Court entered orders on February 10 and 11 of 2026 denying Debtor's Motion for Recusal and granting the 2004 Motion. Dkt. Nos. 72, 73. The order granting the 2004 Motion requires Debtor to produce requested documents by February 22, 2026, and appear for an in-person examination on February 24, 2026, at 2:00 P.M. Dkt. No. 73.

8. A couple days later Debtor filed the Motions along with evidence and briefs. Dkt. Nos. 75-83. The Motion to Dismiss argues that an undue burden has been placed on Debtor by the 2004 Motion and Motion to Extend. Dkt. No. 77 at 2. The Motion to Dismiss also argues that continued prosecution of the case serves no purpose. *Id.* at 3. Debtor requests various relief, including that the 2004 Motion and Motion to Extend be declared moot and terminated. *Id*. at 4.

9. The Motion to Convert also makes clear that Debtor wants the 2004 Motion and Motion to Extend to be moot and terminated. Dkt. No. 82 at 2.

10. Debtor's reason for simultaneously bringing the Motion to Dismiss and the Motion to Convert is set forth in her supplemental brief:

> Step 1: Debtor moves to dismiss under § 707(a).
> Step 2: If dismissed - the case is over.
> Step 3: If denied - Debtor exercises her absolute right to convert to Chapter 13 under § 706(a).
> Step 4: Upon conversion, Debtor immediately moves to dismiss under§ 1307(6 ).
> Step 5: The Court "shall" dismiss. No discretion. No opposition. No investigation. No contested hearing. Mandatory.

Dkt. No. 83 at 2.

## III. ARGUMENT

### *A. The Motions Should Be Denied Because They Are a Bad Faith Abuse of Process Designed to Thwart the U.S. Trustee's Investigation into Debtor's Fraudulent Acts.*

11. Under Section 707(a), a bankruptcy "court may dismiss a case … only after notice and a hearing and only for cause …" This requires a hearing after 21 days' notice, Fed. R. Bankr. P. 1017(a) and 2002(a)(4), and a finding of cause on review of the totality of the circumstances. *In re Hickman*, 384 B.R. 832, 841 (B.A.P. 9th Cir. 2008). A request for voluntary dismissal may be denied where it would cause prejudice to an interested party. *Id.* at 840; *see also In re Mendez*, 367 B.R. 109, 120 (B.A.P. 9th Cir. 2007). "A debtor invoking the protection of the Bankruptcy Code must shoulder the responsibilities attendant to this protection, including accounting for assets and completing schedules in good faith, and may not engage in questionable or fraudulent conduct and then expect to have the case dismissed once such conduct is discovered." *In re Hickman*, 384 B.R. at 841.

12. Section 706(a) provides that a debtor may convert a chapter 7 case to another chapter of bankruptcy, but Section 706(d) prohibits conversion "unless the debtor may be a debtor under such chapter." The Supreme Court in *Marrama* clarified that Section 706(d) prohibits conversion to chapter 13 in cases "of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding …" *Marrama v. Citizens Bank of Massachusetts (In re Marrama)*, 549 U.S. 365, 374 (2007).

13. The Motions here are a uniquely transparent instance of bad faith and abuse of process. Debtor wants to dismiss her case so that the 2004 Motion and Motion to Extend will be "moot" and "terminated." *See* Dkt. No. 77 at 4. If the case is not dismissed Debtor will exercise what she believes to be an unconditional right to conversion so that she may

14. Debtor's case history also shows bad faith and abuse. Debtor has demonstrated herself to be a zealous and savvy litigant. *See, e.g.,* Dkt. Nos. 26, 29, 30, 41, 48, 59. It is not a coincidence that Debtor filed her Motion for Recusal a couple days after the U.S. Trustee informed her of an impending 2004 examination. *See* Dkt. No. 59. Nor is it a coincidence that Debtor filed the Motions a couple days after her Motion for Recusal was denied. Dkt. Nos. 72, 77, 82.

"immediately" exercise what she believes to be an unconditional right to dismiss. Dkt. No. 83 at 2.

15. For a 19-year-old pro se litigant Debtor's ability to prepare complex legal pleadings in a matter of days is remarkable and evinces great sophistication. But Debtor's conclusion that she has an unconditional right to dismiss or convert is incorrect.

16. Dismissal here would greatly prejudice the U.S. Trustee's investigation into the accuracy of Debtor's Schedules and Statements and other causes of action under Section 727. Section 707(a) does not permit Debtor to "engage in questionable or fraudulent conduct and then expect to have the case dismissed once such conduct is discovered." *In re Hickman*, 384 B.R. at 841. Furthermore, Section 707(a) does not allow Debtor to dismiss her case without the required notice and a hearing. 11 U.S.C. § 707(a); Fed. R. Bankr. P. 1017(a) and 2002(a)(4).

17. Similarly, Section 706(d) precludes conversion under Section 706(a) where there is prepetition bad-faith conduct or fraudulent acts committed during the chapter 7 case. *In re Marrama*, 549 U.S. at 374. [2]

---

[2] Although it is not relevant to the outcome of the Motions, Debtor is also mistaken when she concludes that she would have an unconditional right to dismiss a chapter 13 under Section 1307(b). That provision is not available where the case has been converted under Section 706.

5

"immediately" exercise what she believes to be an unconditional right to dismiss. Dkt. No. 83 at 2.

18. Here, the Motions were brought solely to thwart the U.S. Trustee's investigation into Debtor's fraudulent acts and should therefore be denied. Alternatively, the Court should set a hearing on the Motions.

***B. The Court Should Issue an Order Clarifying Debtor's Continuing Obligation to Attend Her 2004 Examination and Produce Documents.***

19. The Court has the authority to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

20. Debtor is under the misapprehension that the Motions absolve her of her obligations to attend her 2004 examination and produce documents. *See* Dkt. Nos. 77, 82. For judicial economy, the Court should clarify that the Motions have not resolved her obligations under the Court's prior order (Dkt. No. 73).

## IV. CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court: (i) deny the Motions; (ii) set the Motions for a hearing on March 13, 2026, at 10:00 a.m.; (iii) enter an order clarifying Debtor's obligation to attend her 2004 examination and produce documents; and (iv) for other and further relief as the Court deems appropriate.

Dated: February 15, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

/s/ *Phillip J. Shine*
Phillip J. Shine
Trial Attorney for United States Trustee